UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT

2022 JUL 13 PM 3:21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> CAROL TERRELL, <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br> **INFORMATION** <br> **18 U.S.C. § 1343** <br><br> 2:22-CR-127 <br> Judge Watson |

**THE UNITED STATES ATTORNEY CHARGES:**

**INTRODUCTION**

At all times relevant to this Information:

*Department of Defense (DOD) Contracting Process*

1. The United States Department of Defense (DOD) contracted through its various agencies, such as the Defense Logistics Agency (DLA). DLA was the United States' combat logistics support agency, and as such manages the global supply chain for all military services, ten combatant commands, other federal agencies, and partner and allied nations. DLA had three primary depots that manage the military's global supply chain – DLA Land and Maritime (L&M) in Columbus, Ohio, DLA Aviation in Richmond, Virginia, and DLA Troop Support (TS) in Philadelphia, Pennsylvania.

2. When the DOD determined that a particular part was needed, the DOD issued "Solicitations," or Requests for Quotation (RFQs) electronically through a web-based application, DIBBS (DLA's Internet Bid Board System). Users (potential contractors) could search for, view, and submit secure quotes based upon the RFQs for the items DLA was looking to obtain. The solicitations (RFQ's) listed the DOD requirements, which could include specified manufacturers

and part numbers, drawings and/or specifications such that any potential contractor is aware of exactly how the part is to be made or the approved source of the part.  Contracts, or purchase orders, issued by DLA are typically one of two types: "drawing" contracts or code and part contracts.  On a drawing contract, the contractor is required to manufacture a specific part in accordance with specifications identified by DLA in its solicitation and contract.  On a code and part contract, the contractor is required to provide DLA a specific part that was manufactured by an approved source; DLA identifies the specific part and approved source(s) in its solicitation and contract.  DOD contractors were required to have a quality control system in place to ensure the parts supplied to the DOD are in accordance with DoD specifications.

3. To conduct business with the DOD, contractors must register in the System for Award Management (SAM), to include providing an email address, and agree to receive payments electronically.  The contractors must also obtain a Commercial and Government Entity (CAGE) code.  The CAGE code is a 5-character identification number used extensively within the federal government, assigned by the DLA.  The CAGE code was used to support a variety of mechanized systems throughout the government and provides a standardized method of identifying a given contractor facility at a specific location.

4. In the contracting process, once parts are shipped to the DLA, contractors enter the shipping and invoicing information electronically, through a secure, web-based system, which allows the government to receive and pay electronically.  Upon receiving the invoice, which also represents that the contractor is providing goods in conformance with the contract requirements, the DOD, through the Defense Finance and Accounting Service (DFAS), located in Columbus, Ohio, within the Southern District of Ohio, issued electronic payment to the supplying contractor and retained a voucher as a record of the payment.

5.	DLA L&M in Columbus was also home to laboratories used to test and identify nonconforming parts sold to DLA, including the capability to test for counterfeit material, substitute inferior products, remark/over brand items, aftermarket and alternate product. These laboratories at DLA L&M were used to test all suspect parts provided to DLA worldwide.

*The Defendant and Terrell-MMPEDistributors LLC*

6.	The defendant, **CAROL TERRELL** (hereinafter, "**TERRELL**"), resided in Lansing, Illinois.

7.	**TERRELL** was the sole owner/operator of Terrell MMPEDistributors LLC ("MMPEDistributors") located in Lansing, Illinois. On March 1, 2013, MMPEDistributors was initially registered in the SAM. On March 8, 2013, MMPEDistributors registered and established a CAGE Code, identifying the Point of Contact as **TERRELL**.

## COUNT 1
(Wire Fraud)

8.	Paragraphs 1 – 7 of this Information are re-alleged and incorporated by reference as though set forth in full herein.

9.	Beginning as early as 2013 and continuing until at least 2017, in the Southern District of Ohio and elsewhere, the defendant, **CAROL TERRELL**, did knowingly devise and intend to devise a scheme to defraud in order to deprive another, specifically, the U.S. Department of Defense, of money and property by means of material misrepresentations and concealment of a material fact, and for the purpose of executing the scheme, used wire communications in interstate commerce. As a result of **TERRELL's** scheme to defraud and to deprive another of money, the DOD suffered a loss of approximately $325,288.25.

## Manner and Means

10. It was part of the scheme to defraud that:

a. In 2013, D. H. taught **TERRELL** how to fraudulently conduct business with the DOD and directed and trained her on what contracts to quote and how to fulfill awarded contracts, including responding to traceability requests to prove the origin of a part.

b. **TERRELL** quoted, or bid on, "code and part" contracts that required MMPEDistributors to provide a specific part that was manufactured by an approved source as specified by DLA in the contract. In these quotes, **TERRELL** represented that she would provide the "exact product" as requested.

c. Instead of purchasing the required parts per the contract requirements, **TERRELL** purchased aftermarket or replacement parts from an unapproved source.

d. When asked by DLA for documentation as to the traceability, or origin, of a particular part, whether pre-award or post-award of a contract, **TERRELL** provided false and misleading quotations and invoices that purported to show that DLA would receive the parts required by the contract.

e. When shipping the parts to the DOD, **TERRELL** used packaging that contained markings indicating they were the required parts per the contract.

f. To receive payment, **TERRELL** electronically invoiced DFAS representing that the parts provided were in accordance with the contract, or purchase order, requirements.

g. From in or about 2016 and continuing until at least 2019, **TERRELL** continued to fraudulently conduct business through MMPEDistributors with the DOD, and without the assistance of D.H., in the manner described in paragraphs 10(b) through 10(f).

4

### Wire Communication

11. For example, on June 30, 2016, **TERRELL** submitted a quotation certifying that MMPEDistributors would provide 300 Gasket and Seal Set, NSN 5330-01-572-4333, manufactured by Caterpillar Inc., CAGE: 11083, Part Number: 3483681 for $240.25 per unit. The Gasket and Seal Set is used on or in support of the Heavy Expanded Mobility Tactical Truck.

12. On July 7, 2016, MMPEDistributors was awarded purchase order SPE5EJ-16-M-1498 by DLA Troop Support, in the amount of $72,075.00. The purchase order required the parts be manufactured in accordance with the specifications identified and **TERRELL** certified in her quotation to provide Caterpillar Inc., CAGE: 11083, part number 3483681.

13. On July 14, 2016 and October 4, 2016, **TERRELL** provided DLA both a quotation and invoice from Fabick Tractor Supply that purported to show that DLA would receive the parts required by purchase order, i.e. evidence of traceability of the part. However, **TERRELL** purchased the parts from Costex Tractor Parts, an aftermarket/replacement part supplier.

14. On November 9, 2016, **TERRELL** electronically invoiced DFAS for payment representing that the parts provided were in accordance with the purchase order requirements.

15. As a result of MMPEDistributors invoice and for the purpose of executing the scheme described above, on December 5, 2016, **TERRELL** caused to be transmitted by means of wire communication in interstate commerce the electronic payment of $72,075 from DFAS in Columbus, Ohio to an account **TERRELL** controlled in the State of Illinois, as payment for parts supplied under purchase order SPE5EJ-16-M-1498.

**In violation of 18 U.S.C. § 1343.**

KENNETH L. PARKER
UNITED STATES ATTORNEY

*/s/ Jessica W. Knight*
JESSICA W. KNIGHT, (0086615)
Assistant United States Attorney
J. MICHAEL MAROUS (0015322)
Special Assistant United States Attorney